# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
#### (Filed Electronically)

**CRIMINAL ACTION NO. 3:20CR-88-BB**

**UNITED STATES OF AMERICA,**                                        **PLAINTIFF,**

**vs.**

**BRIAN BYRD,**                                                        **DEFENDANT**

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Brian Byrd, respectfully submits this Sentencing Memorandum. He has entered an open plea of guilty to the charges of the Indictment. Sentencing is scheduled for June 18, 2021.

### A.     Charges

Count 1: Production of Child Pornography [18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e)]; Count 2: Transportation of Child Pornography 18 U.S.C. § 2252A(a)(1) and 18 U.S.C. § 2252A(b)(1)]; Count 3: Commission of Felony Against a Minor by Person Required to Register as a Sex Offender [18 U.S.C. § 2260A]; Forfeiture.

### B.     Statutory Sentencing Range

Mr. Byrd faces a mandatory minimum sentence of 35 years. Specifically the statutory

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

penalties for the individual counts are broken down as follows: Count 1: The minimum term of imprisonment is 25 years and the maximum term is 50 years. 18 U.S.C. § 2251(e). Count 2: The minimum term of imprisonment is 15 years and the maximum term is 40 years. 18 U.S.C. § 2252A(b)(1). Count 3: The minimum term of imprisonment is 10 years and must be imposed consecutively to any other counts. 18 U.S.C. § 2260A.[1]

### C.    Advisory Guideline Range of the PSR

Based upon a total offense level of 35 and a criminal history category of V the guideline imprisonment range is 262 to 327. However, the statutorily authorized minimum sentence for Count 1 is more than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 300 to 327 months. USSG §5G1.2(b). Count 3 requires a 120-month consecutive sentence on top of this.[2] Thus, Mr. Byrd's final guideline range is 420 - 447 months.

### D.    Objections to the PSR's guideline range

Neither party has any outstanding objections to the PSR.

### E.    Plea Agreement

There is no plea agreement in this case.

---

[1]    PSR Para. 60.

[2]    PSR Para. 61.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## F.    Mr. Byrd's Background

Mr. Byrd is 34 years old.  He was born in Atlanta, Georgia.  Mr. Byrd has never been married and does not have any children.

Mr. Byrd experienced an extremely difficult childhood.  He did not grow up with his father, and in fact only first met his father when Mr. Byrd was 14 years old.

Mr. Byrd's relationship with mother was no better, and actually worse.  When Mr. Byrd was 11 years old, his mother was sentenced to prison for child abuse.  Mr. Byrd was the victim of this abuse as his mother physically and emotionally abused him throughout his childhood.  Once his mother was sent to prison for abusing Mr. Byrd, he was raised by his step-father.

Mr. Byrd has suffered the repercussions of such an upbringing.  He was first introduced to cocaine at the young age of 13 or 14, and this escalated to him abusing that drug about four times a week.  Mr. Byrd was also introduced to presciption pain pills as a teenager, and this addiction turn into an almost daily habit.  At the time of the commission of the offenses of the indictment, Mr. Byrd was using drugs daily.

As a result of his difficult childhood, Mr. Byrd attended counseling as a child and teenager.  He was diagnosed with ADHD and Bi-Polar disorder.  He also began a behavior of self-harm by cutting himself, which began with a suicide attempt.  Not surprisingly given his familial circumstances, Mr. Byrd dropped out of high school in his senior year.

Given the extremely difficult circumstances Mr. Byrd grew up in, his most significant relationships are not with his biological family.  He considers his step-father as his best friend

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

and the only real father figure he has had in his life. He considers his friend LaDonna Higgins as his mother, although she is unrelated to him. Mr. Byrd states that Ms. Higgins has emotionally supported him for years and is the only true mother figure he has had in his life.

## G.      Requested Sentence

The defense respectfully requests a sentence of 35 years (420 months). The defense acknowledges that this is a very serious case with Mr. Byrd having committed very serious crimes.

However, Mr. Byrd has also never contested this case and has admitted guilt to his crimes in court without the benefit of a plea agreement. Mr. Byrd also admitted to law enforcement his actions when interviewed by the FBI.[3]

Mr. Byrd suffers shame and remorse for his actions. For example, Mr. Byrd has suffered a history of self-harm, and when he was interviewed by law enforcement about this case, Mr. Byrd tried to commit suicide by grabbing a pen and stabbing himself in the chest and banging his head against a desk.[4]

Mr. Byrd faced a mandatory minimum sentence of 35 years regardless if he entered a guilty plea, or lost at trial. Defense counsel notes that when a client faces such a high sentence regardless of whether they plead guilty or proceed to trial, many clients opt for a trial under such circumstances regardless of the strength of the evidence. Mr. Byrd did not wish

---

[3]      PSR Para. 12.

[4]      PSR Para. 54.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

to do that as he did not want to put the victim and their family through a jury trial.  Instead, he pleaded guilty with the full knowledge that he was facing a minimum sentence of 35 years - while also giving up any chance of possibly being acquitted at trial.

Mr. Byrd admittedly has a very serious prior criminal history.  However, his criminal history has already been factored into both his the statutory penalties and guideline range.  For example, because of Mr. Byrd's prior record, the mandatory minimum sentence for Count 1 of the Indictment increased from 15 years to 25 years.  Similarly, again because of his prior record, Count 3 requires a mandatory consecutive 10 year sentence.

Thus, Mr. Byrd faces a statutory mandatory minimum sentence of 35 years because of his criminal conduct and his prior criminal history.  Similarly, because of his prior criminal history, Mr. Byrd guideline range has been enhanced under the Career Offender Guideline, U.S.S.G. §4B1.1, and then further enhanced because of the mandatory minimum sentence for Count 1 of the Indictment.

As noted, Mr. Byrd is 34 years of age.   He was arrested on August 19, 2020.  A 35 year sentence would result in him being confined for almost 30 years in federal custody, assuming Mr. Byrd receives the maximum of 15% off of his sentence for "good time" while in prison.  Thus, if given a 35 year sentence, Mr. Byrd would be approximately 63 or 64 years of age once he is eligible to be released from federal prison (if he lives that long).  Such is a very significant sentence.

Also as noted, the low end of Mr. Byrd's "regular guideline range" is below the 35 year mandatory minimum.  Specifically, Mr. Byrd's "regular guideline range" for Counts 1 and 2

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

(before implementation of the statutory mandatory minimum) was 262 - 327 months.[5] However, the low end of this range is increased to 300 months because of the 25 year mandatory minimum of Count 1.[6] Count 3 requires a 10 year consecutive sentence.[7] Thus, as the low end of the guideline range is further increased some 38 months because of the mandatory minimum, the defense submits that a 35 year sentence is appropriate in this case for this and other reasons discussed herein.

Mr. Byrd is also subject to a term of supervised release, with the Court having the authority to sentence him up to a lifetime of federal supervised release.[8] Thus, if Mr. Byrd was given a 35 year sentence and a supervised release term of up to life, he would be under the supervision and guidance of the United States Probation Office upon his release at 63 or 64 years of age (if he is not civilly committed after service of his sentence, as discussed further below). The federal Bureau of Prisons also has a sexual offender treatment program.[9] Mr. Byrd undoubtedly would qualify for this program during his sentence.

Regarding a defendant's age, the defense notes that the United States Sentencing Commission has found through their studies that the older a defendant, the less likely he or she is inclined to re-offend. The Sentencing Commission has found that: "Recidivism rates

---

[5]     PSR Para. 61.

[6]     Id.

[7]     Id.

[8]     PSR Para. 61.

[9]     See, U.S. Department of Justice, Sex Offender Programs at
       https://www.bop.gov/policy/progstat/5324_010.pdf

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

decline relatively consistently as age increases. Generally, the younger the offender, the more

likely the offender recidivates."[10] The Commission more specifically has found that "[a]mong

all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50

have a recidivism rate of 9.5 percent."[11]

Even after service of his criminal sentence, Mr. Byrd may not be released from

custody. The Adam Walsh Act of 2006[12] governs civil commitment by the federal

government. This law authorizes the United States Attorney General or any authorized

official in the Department of Justice or Bureau of Prisons to initiate the civil commitment

process by certifying an individual as a "sexually dangerous person."

As they approach their release date, federal inmates who have a recorded history of

sexual violence or child molestation go through a process to determine risk factors associated

with their potential release from prison. If the federal government determines an individual

to be sexually dangerous, a civil commitment proceeding is then set before a judge to make

a judicial determination of whether the person is in fact "sexually dangerous", and thus

warranting further involuntary confinement.

---

[10]     United States Sentencing Commission, <u>Measuring Recidivism: The Criminal
         Criminal History Computation of the Federal Sentencing Guidelines</u> (2004), Pg.
         12.

[11]     Id.

[12]     18 U.S.C. § 4248.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

These hearings can also involve a psychiatric or psychological examination and report. Once both sides present their evidence, the court then makes a determination under the lower civil standard of clear and convincing evidence, versus the criminal standard of beyond a reasonable doubt. If the judge finds the person to be "sexually dangerous," the court will place the individual in the custody of the Attorney General who maintains custody of the person until either: 1). A state assumes responsibility for housing the defendant, or 2). The person's condition improves to the point where he or she is no longer sexually dangerous. Thus, if found to be "sexually dangerous" as he approaches release, Mr. Byrd may never be released from custody as he could be involuntarily committed to custody, possibly for the remainder of his life.

## F.     Conclusion

Federal law requires courts to impose a sentence that is "sufficient, but not greater than necessary."[13]   Again, this is a very serious crime and Mr. Byrd has a very serious criminal history. However, a 35 year sentence is also a very serious sentence.

If given a 35 year sentence, Mr. Byrd would be in his early-to-mid 60's before he would be eligible for release from custody - in the decade of the 2050's. Even then, he would be subject to a civil commitment for up to the remainder of his life if a judge determines at that

---

[13]     18 U.S.C. §3553(a).

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

time that he is still a danger to the community.

A lot can change with a person over three decades, and the civil commitment possibility would give the United States and a court the ability to make a determination if Mr. Byrd is suitable to be released some 30 years from now.  If he were ever released, Mr. Byrd would also be subject to the supervision of the United States Probation Office, for a term of up to the remainder of his life, to help insure the safety of the community.

**WHEREFORE**, the defense submits that a sentence of 35 years is sufficient, but not greater than necessary in this case, and respectfully requests this sentence.

/s/ Patrick J. Bouldin
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I certify that a copy of the foregoing motion was served on the attorneys of record on this case on this 1st day of June, 2021.

/s/ Patrick J. Bouldin

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808